UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 21-cr-00374-APM-1 |
| v. | ) ) |  |
| LOGAN GROVER, | ) ) |  |
| Defendant. |  |  |

**MOTION TO DISMISS BASED UPON DEFECTIVE INFORMATION AND UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH AND IN THE ALTERNATIVE MOTION FOR BILL OF PARTICULARS**

Logan Grover, by and through counsel Megan M. Downing of Recht Kornfeld P.C., respectfully moves the Court to issue an Order dismissing the offenses charged by Information in this matter based on 1) the lack of factual grounds identified for the charged offenses rendering the Complaint defective, and 2) the unconstitutionally vague and overbroad nature of the relevant statutes. In support, he states:

**FACTUAL BACKGROUND**

The United States has charged Mr. Grover by Information (ECF No. 7) in this case with four offenses:

1. 18 U.S.C. § 1752(a)(1) – Knowingly Entering or Remaining in any Restricted Building or Grounds without Lawful Authority,
2. 18 U.S.C. § 1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building,
3. 40 U.S.C. § 5104€(2)(D) – Violent Entry and Disorderly Conduct on Capitol Grounds, and
4. 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capitol Building. (*See* ECF No.1).

The charged offenses arise out of allegations that Mr. Grover engaged in prohibited

1

conduct during the protests at the United States Capitol January 6, 2021.

Specifically, in its Complaint and Statement of Facts (ECF No. 1), the Government alleges that Mr. Grover posted on Facebook that he flew to Washington D.C. and planned to participate in the protest at the Capitol January 6, 2021. Document 1-1, at 2. The Government includes the referenced Facebook post, which does not indicate that Mr. Logan committed any crime. To the contrary, Mr. Logan reportedly called the events of January 6 a "rally & protest." *Id.*. The Government further alleges that the Federal Bureau of Investigation ("FBI") discovered numerous videos of Mr. Grover both on Capitol Grounds and in the Capitol Building on January 6, 2021. *Id*, ¶ 12. In two photographs included in the Complaint's Statement of Facts, Mr. Grover is reportedly pictured standing outside an exterior door of the Capitol Building. *Id*. A third photograph reportedly depicts Mr. Grover inside the Capitol building, as does the referenced police body worn camera footage. *Id*. Nothing in the Statement of Facts by the Government includes: 1) any information that Mr. Logan did not have lawful authority to be at the U.S. Capitol, 2) any violent, disruptive, or disorderly conduct, or 3) any allegation of parading or demonstrating. Mr. Grover did not engage in any such conduct and he had the lawful authority to be at the U.S. Capitol on January 6., In sum, the charging documents (i.e., the criminal Information and the criminal Complaint with its Statement of Facts) accuse Mr. Grover of travelling to Washington D.C. and entering the Capitol building on January 6, 2021—none of which is a crime.

Mr. Grover's alleged *presence* inside the Capitol building and the surrounding circumstances—whether he knew that entry was prohibited or whether he willfully and knowingly entered a restricted building—gives rise to disputed issues properly for a trial.

However, the Complaint alleges conduct which does not fall within the scope of the charged offenses. . These offenses, on their face, do not proscribe mere presence in the U.S. Capitol on January 6, and thus, Mr. Grover's actions as identified by the Government are legal..

The Statement of Facts describes the crowd which had gathered outside the U.S. Capitol forcing entry around 2:00 p.m. by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts. See, ECF 1-1, ¶ 5. These actions of a crowd, generally, do not identify any specific conduct on the part of Mr. Grover. The Government contends that Mr. Grover was inside the Capitol at 3:27 p.m. (ECF No. 1). Perhaps the Government assumed that Mr. Grover's actions conformed to that of other individuals who engaged in disruptive or criminal conduct or that Mr. Grover took part in a violent breach. Such an assumption is false. Additionally, the criminal Information and Complaint with its Statement of Facts fail to connect the dots between Mr. Logan and criminal activity. Finally, the charging documents criminalize conduct in violation of the Fifth and First Amendments. Accordingly, this Court should either dismiss the Information or order the Government to provide a Bill of Particulars. Complaint identifies no such conduct. For that reason, the Complaint provides inadequate notice as to the conduct which forms the basis of the charges.

## ARGUMENT

**I.  The Information should be dismissed Mr. Grover's alleged conduct does not fit within the scope of the alleged four misdemeanor charges under 18 U.S.C. § 1752 and 40 U.S.C. § 5104.**

A criminal defendant may move to dismiss a charge based on a "defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(B). "The operative question is whether

3

the allegations in the indictment, if proven, permit a jury to conclude that the defendant committed the criminal offense as charged." *United States v. Akinyoyenu*, 199 F. Supp. 3d. 106, 109–10 (D.D.C. 2016) (citing *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015)).    In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring,* 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962). The Court should base its analysis only on the language charged in the Indictment and the language of the statute alleged to have been violated. *See Akinyoyenu* at 109-10. In this case, the alleged facts do not rise to the level of crimes contemplated by the four aforementioned statutes.

The key elements for 18 U.S.C. § 1752 and 40 U.S.C. § 5104 are: 1) knowledge that the accused is in 2) a restricted building while, 3) engaging in disruptive, disorderly, picketing, or some other defined misconduct. *See*, *e.g.,* United *States v. Bursey*, 416 F.3d 301, 306-09 (4th Cir. 2005) (explaining the elements of 18 U.S.C. § 1752); 40 U.S.C. § 5104 (prohibiting "disorderly or disruptive conduct. . .in any of the Capitol Buildings." Section 1752 defines "Restricted buildings or grounds" as "a building or grounds so restricted in conjunction with an event designated as a special event of national significance." (*see* 18 U.S.C. § 1752). The statutes require conduct beyond mere presence in a restricted building—*disorderly or disruptive conduct* is required. Such misconduct must be committed with the specific intent to impede or disrupt the orderly conduct of government business or official functions. Given these basic concepts for the four charges (and two statutes) at issue, the Government failed to allege that Mr. Logan engaged in a crime.

4

Here, apart from general reference to the crowd, no such misconduct is alleged on the part of Mr. Grover. Importantly, there is evidence that the U.S. Capitol police allowed many of the protestors into the U.S. Capitol. For example, page 5 of the Statement of Facts, (ECF No. 1), does not show the U.S. Capitol Police aggressively escorting people out of the Capitol. Also, the Government's allegations fall short of explaining how Mr. Grover knew he could not be in the U.S. Capitol. The allegations do not demonstrate that Mr. Grover "disorderly" or "disruptive." For comparison, today Judge Trevor McFadden reportedly acquitted Matthew Martin because Judge McFadden did not see Mr. Martin's actions inside the U.S. Capitol "disorderly" or "disruptive" and the U.S. Capitol police reportedly gave Mr. Martin permission to be in the U.S. Capitol. (https://www.msn.com/en-us/news/crime/judge-finds-jan-6-defendant-not-guilty-after-he-argued-police-let-him-through/ar-AAVW5e3). Likewise, Mr. Grover believed he had permission to be in the U.S. Capitol. Neither the Information nor the Complaint and Statement of Facts demonstrate that Mr. Grover knew that he could not be inside the Capitol. Accordingly, the Court should dismiss the Information under Rule 12(b)(3)(B).

      **II.    The Information should be dismissed because both 18 U.S.C. § 1752(a)and 40 U.S.C. § 5104(e) are unconstitutionally vague and overbroad in violation of the Fifth and First Amendments.**

With respect to 18 U.S.C § 1752(a)(1), the statute criminalizes, generally, the entry into any "restricted building or grounds." The statute broadly defines "restricted building" as "any posted, cordoned off, or otherwise restricted area of": the White House or its grounds, the Vice President's official residence or its grounds, any building or grounds where the President or other person protected by the Secret Service is or will be temporarily

5

visiting, or any building or grounds so restricted in conjunction with an event designated as a special event of national significance. The statute does not define under what circumstances a citizen of ordinary prudence is on notice of when someone protected by the Secret Service is present in a building or its grounds or when the statute implicates an event of national significance.  Notably, the statute does *not* define or enumerate the United States Capitol as a restricted building, as it does the White House and residence of the Vice President.

Subsection 2 proscribes "disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds…" The statute does not define "disorderly or disruptive conduct," nor "proximity." ]  The Fifth Amendment provides that "[no] person shall… be deprived of life, liberty, or pr5operty, without due process od law." *Johnson v. United States*, 576 U.S. 591 (year) (*citing Kolender v. Lawson*, 461 U.S. 352). The Government violates tis guarantee by taking away someone's life, liberty, or property under a criminal law so vague that if fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Id*. The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law", and a statute that flouts it "violates the first essential of due process." *Id*.

### *Vagueness*

The void-for-vagueness doctrine requires that a penal statue define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352 (1983) (*citing Hoffman Estates v. Flipside*,

*Hoffman Estates, Inc.*, 455 U.S. 489 (1982); *Smith v. Goguen*, 415 U.S. 566 (1974); *Grayned v. City of Rockford,* 408 U.S. 104 (1972). It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford* at 408. In *Grayned v. City of Rockford*, the U.S. Supreme Court stated:

> "First, because we assume that man (sic) is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he (sic) may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen (sic), judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute; abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' Uncertain meanings inevitably lead citizens to 'steer far wide of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." *Id*.

The question in this case centers around how a person would know, based upon the plain language of the statute in question, that the United States Capitol or its grounds is a restricted building. Further questions include: What constitutes "disorderly or disruptive conduct?" What distance does the statute require to avoid criminality based upon "proximity?" Is one's presence alone in an alleged "restricted building" sufficient to constitute "parading" or "demonstrating?"

The three referenced provisions of the United States Code simply fail to define with any specificity what conduct is prohibited with respect to the grounds or interior of restricted buildings, or what constitutes a "restricted building." For this reason, each of the referenced statutes should be declared unconstitutionally vague.

### *Overbreadth*

A clear and precise enactment may nevertheless be "overbroad" if its reach

prohibits constitutionally protected conduct. *Id*. Mr. Grover, while not alleged to have engaged in any specific disorderly or disruptive conduct, was present during a political protest. He has standing to challenge the overbreadth of the statute based on First Amendment grounds even where it risks criminalizing conduct other than the factual allegations in his case.

It is a well-settled principle of law that standing requirements are relaxed for Constitutional challenges implicating First Amendment rights.  See, State of Maryland v. Munson Co., Inc*.,* 467 U.S. 947, 956-957, (1984); Broadrick v. Oklahoma*,* 413 U.S. 601, 612 (1973), People v. Baer*,* 973 P.2d 1225, 1231 (Colo. 1999).  A defendant may challenge the overbreadth of a law under which he is charged regardless of whether the speech at issue in the particular case is protected or unprotected under the First Amendment.  This is because such challenges are allowed not primarily for the benefit of the litigant, but rather for society's interest in preventing the statute from chilling free speech rights of other hypothetical citizens.  See Baer at 1231, Munson at 82.

What has come to be known as the First Amendment overbreadth doctrine…is predicated on the sensitive nature of protected expression; "persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by statute susceptible of application to protected expression. *See generally, New York v. Ferber*, 458 U.S. 747 (year) (*citing Village of Schaumburg v. Citizens for a Better Environment*, 444 US. 620, 635 (1980).

The crucial question, then, is whether the ordinance sweeps within its prohibitions what may not be punished under the First Amendment. *See, Id*. Subject to reasonable "time, place and manner" regulation, peaceful demonstrations in public places are

8

protected by the First Amendment. *See, Id*. Of course, where demonstrations turn violent, they lose their protected quality as expression under the First Amendment. *Id*. The standard for government restriction of speech in a public forum provides:

> The government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions "are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant government interest, and that they leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism, 491 U.S. 781 (1989).

The Defense does not contend that the violent breach of any building or assault on peace officers constitutes protected First Amendment conduct. However, as written, each of the relevant statutes risks criminalizing legitimate First Amendment activity—peaceful protests within ambiguous locations. With respect to both charged sections of 18 U.S.C. § 1752, the statute allows the government to designate *any* building or grounds as "restricted in conjunction with an event designated as a special event of national significance," thus chilling speech in what may otherwise be considered a public forum. A person risks prosecution for demonstrating, assembling, or picketing outside any place the President or "other person protected by the Secret Service" may be visiting, even where a citizen may have no knowledge of such a person. "Disorderly and disruptive conduct," undefined by the statute (*see* 18 U.S.C. § 1752), risks broad and subjective interpretation of what may be conduct protected by the First Amendment.

Most troubling, the statute's reach applies not only to certain grounds or buildings, but even to their undefined *proximity*. If considered or interpreted to be "disruptive to the orderly conduct of Government business," (*See* 40 U.S.C. § 5104(e)) a peaceful demonstration outside a government building—First Amendment protected political

9

speech—may be criminalized, chilling the protected speech. In this instance, under the plain language of the statute, those who did not enter the Capitol may risk criminal prosecution simply for gathering on the grounds outside the Capitol building—for being proximate to the building, with no known distance requirement.

Similarly, the provisions of 40 U.S.C. § 5104, which pertain specifically to conduct on Capitol grounds, arguably proscribe First Amendment activity. For example, subsection (D) prohibits undefined "abusive language." The expression of one individual, if found offensive or disruptive to another or to governmental proceedings, risks prosecution for protected speech. What constitutes "demonstrating" is not defined by the statute, also resulting in a subjective and arbitrary interpretation risking the chilling of protected speech both inside and outside the Capitol building.

### III.     If the Court does not dismiss the Information, the Defense requests a Bill of Particulars.

If the Court does not dismiss the criminal Information, then he Defense requests a Bill of Particulars under Rule 7(f). Fed. R. Crim. P. 7(f) ("[the accused] may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. Fed. R. Crim. P. 7").

As explained above, the Defense relies upon the statement of facts submitted with the criminal complaint to discern the factual grounds for the charges. The Government provides no additional facts or alleged acts in the Information, short of reciting the statutory elements of the charges. (See, ECF Document 7). A bill of particulars can be used to ensure that the charges brought against the accused are stated with enough precision to allow the

accused to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges. *United States v. Butler*, 262 U.S. App. D.C. 129 (D.C. Cir. 1987). The determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court. *Butler* at 1194. Here, given the paucity of detail in the charging documents, the Court should dismiss the Information or order the government to provide a bill of particulars.

## CONCLUSION

Mr. Grover respectfully asks the Court to dismiss counts two through four of the Complaint, as his alleged conduct does not fit within the scope of the charged offenses. He is accused of entering the Capitol building but is not identified as having engaged in any conduct which would provide a basis for these counts. Alternatively, he requests a bill of particulars in order to be provided notice for the factual basis for the charged offenses. Additionally, the relevant provisions of 18 U.S.C. § 1752 and 40 U.S.C. § 5104 are unconstitutionally vague and overbroad; they fail to adequately define the criminal conduct proscribed and criminalize protected First Amendment activity.

Respectfully submitted this 6th day of April, 2022.

> *s/ Megan M. Downing*
> Megan M. Downing
> RECHT KORNFELD, P.C.
> 1600 Stout Street, Suite 1400
> Denver, CO 80202
> Phone: 303-573-1900
> Fax: 303-446-9400
> megan@rklawpc.com

*s/Kobie Flowers*
Kobie Flowers
BROWN GOLDSTEIN & LEVY
1717 K Street, NW, Suite 900
Washington, D.C. 20006
Phone: 202-742-5969
kflowers@browngold.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2022, I electronically filed the foregoing MOTION TO DISMISS BASED UPON DEFECTIVE INFORMATION AND UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH AND IN THE ALTERNATIVE MOTION FOR BILL OF PARTICULARS with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*