UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO. 21-cr-000374-APM-1 |
| **LOGAN GROVER** | : | |
| (AKA Logan V R Grover), | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXPANDED VOIR DIRE AND A JURY QUESTIONAIRE

Defendant Logan Grover ("Grover") moves the Court to permit the use of a jury questionnaire and for additional time to carry out voir dire. ECF No. 39 at 1. Grover bases his request on a poll conducted by Select Litigation, a private litigation consulting firm, at the request of the Federal Public Defender for the District of Columbia. ECF No. 40. The Government opposes Grover's motion.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the United States Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

Based on closed-circuit video footage and other evidence gathered during the investigation, at approximately 2:46 p.m. Grover first entered restricted grounds surrounding the Capitol. At 3:15 p.m., Grover was on the East side of the Capitol near the outer Eastern Doors of the Rotunda.

1

Grover then entered the Capitol. Approximately three minutes later, Grover was in the Rotunda where he remained until approximately 3:20 p.m. and during which time a physical altercation between rioters and officers occurred. Grover left the Rotunda but remained inside the Capitol until 3:32 p.m. at which point he exited the Capitol through the East Rotunda doors. On April 28, 2021, law enforcement agents arrested Grover and executed a search warrant at his residence in Colorado. Agents seized Grover's cellular phone, computer, thumb drive, and clothing matching the clothing Grover wore on January 6, 2021.

Based on his actions on January 6, 2021, Grover was charged by Information with violating 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building), 40 U.S.C. § 5104(e)(2)(D)(Violent Entry and Disorderly Conduct in a Capitol Building), and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). ECF No. 7.

Grover now moves for an expanded voir dire and for the Court to use a jury questionnaire. Although this Court has discretion to use a written questionnaire, it need not do so because it can select an impartial jury using only in-person voir dire.[1] Issues of pre-trial publicity and potential prejudice are more meaningfully explored by in-person examination than by use of a jury questionnaire. "[W]ritten answers [do] not give counsel or the court any exposure to the demeanor of the juror in answering the . . . questions." *Mu'Min v. Virginia*, 500 U.S. 415, 425 (1991). A prospective juror's tone of voice and demeanor are important. *See Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981)(observing that the court "must reach conclusions" based on its "own

---

[1] Some judges in this District have used written questionnaires to aid in screening potential jurors in particular cases. *See, e.g.*, *United States v. Stone*, --- F. Supp. 3d ---, 2016 WL 1892360, at *2-3 (D.D.C. Apr. 16, 2020); *United States v. Lorenzana-Cordon*, No. 03-CR-331, 2016 WL 11664054, at *1 (D.D.C. Feb. 22, 2016). But the practice is not common in this District.

evaluation[] of demeanor evidence and of response to questions"). Indeed, "[h]ow a person says something can be as telling as what a person says." *United States v. Jackson*, 863 F. Supp. 1449, 1459 (D. Kan. 1994); *see also Mu'Min*, 500 U.S. at 433 (O'Connor, J., concurring) ("A particular juror's tone of voice or demeanor might have suggested to the trial judge that the juror had formed an opinion about the case and should therefore be excused."). And even where a questionnaire is used, in-person follow-up questioning is important to give the court the "face-to-face opportunity to gauge demeanor and credibility." *Skilling v. United States, 561 U.S. 358,* 395 *(2010).* As argued by the Government in its Response in Opposition to the Motion to Transfer Venue for Trial, which is incorporated herein by reference, the Select Litigation poll is flawed and does not support a presumption of prejudice. As such, a jury questionnaire would not materially assist jury selection in this case, since there is no suggestion that Grover has received significant, unfavorable pretrial publicity, and any potential prejudice due to general media coverage of the events of January 6, 2021 can be adequately probed through in-person voir dire examination.

      The Government also notes that there have already been two jury trials held in this jurisdiction involving the riot at the United States Capitol on January 6, 2021. Neither of those Courts used a jury questionnaire and were able to pick an impartial jury. *See United States v. Reffitt, 21-cr-032 (J. Friedrich)* and *United States v. Robertson, 21-cr-034 (J. Cooper)*.

## **CONCLUSION**

For the foregoing reasons, Grover's Motion for Expanded Voir Dire and a Jury Questionnaire should be denied.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar No. 481052

By:    <u>/s/ Michael G. James</u>
           MICHAEL G. JAMES
           Assistant United States Attorney
           N.Y. Reg. No. 2481414
           Office of the United States Attorney
           Eastern District of North Carolina
           (on detail to the USAO-DC)
           150 Fayetteville Street, Suite 2100
           Raleigh, NC 27601
           Mike.James@usdoj.gov
           Telephone: (919) 856-4530

## CERTIFICATION

This is to certify that on this 20th day of April 2022, undersigned counsel served a copy of foregoing Response in Opposition to Defendant's Motion for Expanded Voir Dire and a Jury Questionnaire on Defendant via the Court's CM/ECF addressed to Defendant's counsels of record.

                              By:    /s/ Michael G. James
                                        MICHAEL G. JAMES
                                        Assistant United States Attorney
                                        N.Y. Reg. No. 2481414
                                        Office of the United States Attorney
                                        Eastern District of North Carolina
                                        (on detail to the USAO-DC)
                                        150 Fayetteville Street, Suite 2100
                                        Raleigh, NC 27601
                                        Mike.James@usdoj.gov
                                        Telephone: (919) 856-4530