UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CRIMINAL NO.  21-cr-000374-APM-1 |
| LOGAN GROVER | : |
|   (AKA Logan V R Grover), | : |
| | : |
|       Defendant. | : |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED UPON DEFECTIVE INFORMATION AND UNCONSTITUTIONAL VAGUENESS AND OVERBREATH AND IN THE ALTERNATIVE MOTION FOR BILL OF PARTICULARS**

Defendant Logan Grover ("Grover"), who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved pursuant to Federal Rules of Criminal Procedure Rule 12(b)(3)(B) to dismiss the Information based on claims that the Information was defective because: "1) the lack of factual grounds identified for the charged offenses rendering the Complaint [sic] defective, and 2) the unconstitutionally vague and overbroad nature of the relevant statutes."[1] ECF No. 41 at 1.  Alternatively, Grover moves the Court for a bill of particulars.  *Id.*   Grover has failed to establish under Rule 12(b)(3)(B)(v) that the Information does not state the charged offenses.  Further, Grover has failed to establish the charges are unconstitutionally vague or overbroad.  Nor based on the plain, concise, and definite statement alleging Grover's offenses and voluminous discovery the Government has provided and continues to provide has Grover established the need for a bill of particulars.

---

[1] Grover appears to seek dismissal of all the counts in the Information, *see* ECF No. 41 at 1, yet in the concluding paragraph, *id.* at 11, he moves "the Court to dismiss counts two through four of the Complaint [sic]."

1

## BACKGROUND

### Factual and Procedural History

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. ECF No. 1-1 at 1. The United States Capitol is secured 24 hours a day by the United States Capitol Police. *Id.* Restrictions around the United States Capitol Police include both permanent and temporary security barriers and manned security posts. *Id.* On January 6, 2021, the exterior of the plaza to the Capitol was closed to the public and only individuals authorized with appropriate identification were permitted access inside the United States Capitol. *Id.* While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. *Id.* As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials. *Id.*

Based on evidence gathered during the investigation, at approximately 2:46 p.m. Grover was wearing a green jacket, red hat with white lettering, blue jeans, and green gloves when he entered the fenced boundary of restricted Capitol grounds by stepping over the fence. Grover proceeded across Capitol grounds towards the U.S. Capitol. At 3:15 p.m., Grover was on the East side of the Capitol near the outer Eastern Doors of the Rotunda. Grover then entered the Capitol. Approximately three minutes later, Grover was in the Rotunda where he remained until approximately 3:20 p.m. and during which time a physical altercation between rioters and officers occurred. Grover left the Rotunda but remained inside the Capitol Building. Video footage from an officer's body-worn-camera time stamped at 3:27 p.m. depicted Grover looking at his cellular

phone as law enforcement officers were removing rioters from the Capitol building. ECF No. 1-1 at 5. The video footage also showed officers pushing rioters outside the East Rotunda door as they screamed obscenities and chanted "USA! USA!"

During the interaction, Grover makes a number of statements. Grover asked an officer, "You see a red hat over there? I know its small beans in this (gesturing with his gloved hands). If you do, maybe toss it up and I'll grab it." Additionally, Grover stated, "Smells like CS." in reference to an off-camera comment from an unknown person that pepper spray had been deployed. At 3:32 p.m., Grover exited the Capitol through the East Rotunda doors.

On April 26, 2021, the Government filed a criminal complaint that charged Grover with Knowingly Entering or Remaining in a Restricted Building or Grounds without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). The Government attached to the Criminal Complaint a Statement of Facts that included screen captures of Grover's Facebook post and images of Grover on restricted grounds both outside and inside the Capitol. ECF No. 1-1.

On May 24, 2021, the Government filed a four-count Information that charged:

**COUNT ONE**
On or about January 6, 2021, in the District of Columbia, **LOGAN GROVER**, knowingly entered and remained in the United States Capitol, a restricted building, without lawful authority to do so.
(**Entering and Remaining in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(1))

**COUNT TWO**
On or about January 6, 2021, in the District of Columbia, **LOGAN GROVER**, knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct in, and within such proximity to, the United States Capitol, a restricted building, when, and

so that, such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.
(**Disorderly and Disruptive Conduct in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT THREE

On or about January 6, 2021, in the District of Columbia, **LOGAN GROVER**, willfully and knowingly engaged in disorderly and disruptive conduct in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress or either House of Congress.
(**Violent Entry and Disorderly Conduct in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(D))

## COUNT FOUR

On or about January 6, 2021, in the District of Columbia, **LOGAN GROVER**, willfully and knowingly paraded, demonstrated, and picketed in a Capitol Building.
(**Parading, Demonstrating, or Picketing in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(G))

ECF No. 7.

## Discovery Provided to Grover

The Government has provided Grover with both substantial case-specific discovery and voluminous global discovery. This discovery includes, and is not limited to:

| Date of Discovery Letter | Discovery made available through either USAFX, Relativity, or Evidence.Com. |
|---|---|
| June 4, 2021 | 1. One report of FBI attempted interview of Loga Grover on February 16, 2021.<br>2. Two Metropolitan Police Department body-worn camera videos of Logan Grover in the Capitol on January 6, 2021.<br>3. Two videos of Logan Grover at the Capitol on January 6, 2021 obtained by the FBI from tips.<br>4. Two additional videos of Logan Grover at the Capitol on January 6, 2021, including one from the iPhone of a defendant charged in the January 6, 2021 Capitol riot.<br>5. One still shot of Logan Grover inside the Capitol Building.<br>6. One FBI surveillance photo of Logan Grover taken on February 19, 2021.<br>7. One Facebook post by Logan Grover.<br>8. One Department of Motor Vehicles photo of Logan Grover. |
| July 19, 2021 | 96 files, the contents and designation of which were described in a separate attachment and included CCV footage. |
| September 28, 2021 | Global discovery consisting of 4,044 files (over 1 terabyte) consisting of U.S. Capitol Police Closed Circuit Video footage from 118 cameras shared to the defense instance of evidence.com, exhibits to previously provided |

|  | OPR reports, and internal Metropolitan Police Department investigation reports and exhibits. |
|---|---|
| October 5, 2021 | Global discovery consisting of 11,176 files (over 3 terabytes) shared to the defense instance of Evidence.com and 1,676 files consisting of District of Columbia Metropolitan Police Department body-worn-camera footage recorded between approximately 1:00 p.m. and 6:00 p.m. on January 6, 2021, also shared to the defense instance of Evidence.com. |
| March 30, 2022 | An mp4 video at https://projects.propublica.org/parler-capitol-videos/ of Grover inside the Capitol with other rioters as chants of "Fight for Trump!" are loudly heard. Grover can be seen using his cellular phone to take a photograph of himself amongst the crowd. |
| April 7, 2022 | Google Geofence excel spreadsheet raw data and expert testimony curriculum vitae. |

## ARGUMENT

**I.     Legal Standard.**

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, "[t]he … information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government," and that "[f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c). A defendant may before trial move to dismiss an information or count thereof for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). An information is sufficient if it "set[s] out 'the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet.'" *United States v. Griffin*, 549 F. Supp. 3d 49, 53 (D.D.C. 2021)(*quoting United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004)). When considering a motion to dismiss an indictment or information, the charging instrument "must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the

5

indictment and, more specifically, the language used to charge the crimes." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). The critical question the Court must decide is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdin,* 770 F. Supp. 2d at 146.

**II.     The Information is a plain, concise, statement of the essential facts that constitute the offenses charged and it is not defective under Rule 12(b)(3)(B) and therefore not subject to dismissal.**

Grover argues that the Information is defective because "the alleged facts do not rise to the level of crimes contemplated by the four [ ] statutes" and "the Government failed to allege [Grover] engaged in a crime." ECF No. 41 at 4. In support of this claim, Grover asserts the Information fails to allege he engaged in misconduct based, seemingly, on the nonaggressive way law enforcement officers "escort[ed] people out of the Capitol." *Id.* at 5. Grover further claims the Information is defective because it does not "demonstrate" Grover knew he was unlawfully inside the Capitol. *Id.*

Grover's argument fails because he does not assert the Information is invalid on its face due to the Government's failure to satisfy the pleading requirements. To meet basic pleading requirements the Information "must be a plain, concise, and definite written statement of the essential facts" which was "signed by an attorney for the government," and that "[f]or each count, the … information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c). The Information satisfies the necessary pleading requirements. Counts One and Two charge Grover violated 18 U.S.C. §§ 1752(a)(1) and (a)(2), which provide in relevant part:

(a) Whoever--

   (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so;

   (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;

(c) In this section--

(1) the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—

   (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting;

   (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance;

18 U.S.C. § 1752. The statute provides three definitions for the term "restricted buildings and grounds," *see* § 1752(c)(1), including "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visting," § 1752(c)(1)(B). Through a cross-reference, § 1752 makes clear— and Grover does not appear to dispute—that "person[s] protected by the Secret Service" include the Vice President. § 1752(c)(2); *see* § 3056(a)(1). The proscribed conduct within a "restricted building or grounds" includes, as relevant here, knowingly and unlawfully entering or remaining, § 1752(a)(1), and knowingly and with intent to impede or disrupt government business, engaging in "disorderly or disruptive conduct" that "in fact, impedes or disrupts" government business," § 1752(a)(2). The Information tracks the statutory language, *see* ECF No. 7 at 1-2 (Counts One and

Two), and as such satisfy Fed. R. Crim. P. 7(c) requirement that Counts One and Two each contain a "plain, concise, and definite written statement of the essential facts."

Counts Three and Four charge Grover violated 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G), which states, in relevant part:

(e) Capitol Grounds and Buildings security.--

(2) Violent entry and disorderly conduct.--An individual or group of individuals may not willfully and knowingly--

(D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress;

(G) parade, demonstrate, or picket in any of the Capitol Buildings.

40 U.S.C. § 5104. Counts Three and Four, s*ee* ECF No. 7 at 2, track the statutes language and as such also satisfy Fed. R. Crim. P. 7(c).

Grover misunderstands the purpose behind a pre-trial motion to dismiss under Rule 12(b)(3)(B)(v) for failure to state an offense when he asserts, "the Government's allegations fall short of explaining how Mr. Grover knew he could not be in the U.S. Capitol." ECF No. 41 at 5. Moreover, the examples Grover cites, the removal of rioters from the Capitol by law enforcement officers and an acquittal *after* the trial of a January 6 defendant who claimed officers let him inside the Capitol are factual matters outside the scope of a motion to dismiss under Rule 12(b)(3)(B)(v). Grover may press those claims at trial, of course, but they play no role at this stage in the litigation.

*See United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a "stipulated record"). Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

**III.  18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e) are not unconstitutionally vague or overbroad in violation of the Fifth and First Amendments.**

    **i.  18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e) are not unconstitutionally vague.**

Grover also asserts that Counts One, § 1752(a)(1), is unconstitutionally vague because it does not "define under what circumstances a citizen of ordinary prudence is on notice of when someone protected by the secret service is present in a building or grounds ore when the statute implicates an event of national significance" and that § 1752(a)(1) is also unconstitutionally vague because it "does *not* (emphasis in the original) define or enumerate the United States Capitol as a restricted building, as it does the White House and residence of the Vice President." ECF No. 41 at 6. Grover further asserts that Count Two, § 1752(a)(2), is also unconstitutionally vague because the phrase, "'disorderly or disruptive conduct in, or with in such proximity to, any restricted building or grounds…'" are not defined in the statute. *Id.* These arguments fail.

The void for vagueness doctrine is narrow. The challenger must overcome the "strong presumptive validity that attaches to an Act of Congress," which has led the Supreme Court "to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). A statute is not void for vagueness simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285,

306 (2008), or because a reasonable jurist might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010). Rather, a statute is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application. *Williams,* 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974). The "touchstone" of vagueness analysis "is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997).

Section 1752 "does not invite arbitrary enforcement by criminalizing common activities or giving law enforcement undue discretion." *United States v. Griffin*, 549 F. Supp. 3d 49, 57 (D.D.C. 2021). "This law is no trap awaiting the unwary." *Id.*; s*ee also United States v. Caputo*, 201 F. Supp. 3d 65, 72 (D.D.C. 2016) (rejecting vagueness challenge to § 1752(a)(1); "[T]he White House's perimeter, demarcated by an imposing fence and manned by scores of Secret Service agents, unambiguously provides ordinary people with fair notice that unauthorized entry onto the grounds is unlawful.").

Grover's claim that a citizen of ordinary prudence would not be on notice that an individual protected by the Secret Service was present in a restricted building or grounds or that an event of national significance was not taking place strains credulity. It was common knowledge that certain members of the House of Representatives would raise objections to certifying certain state electoral ballots and certain United States Senators were expected to support those objections and that Vice President Pence would preside over the Joint Session of Congress. *See* https://www.foxnews.com/politics/electoral-college-objections-congress-what-to-know (published on January 6, 2021 at 6:29 a.m. EST) (last viewed April 17, 2022). It was the very

reason the former President called for the rally that day and then directed rally goers to march to the Capitol.

Moreover, Grover's claim is undermined by his own actions. Photographic evidence recovered from Grover's cellular phone will show that Grover knew the area was restricted. Additionally, Grover is visible in a screen capture from a video downloaded from a social media site which shows that Grover and other protesters were on restricted grounds outside ornately decorated Capitol building doors on January 6 where the window panels were either broken or shattered as another protester points at the law enforcement officers barring the doors. EFC No. 1-1 at 4.

Grover's remaining claims posited in a series of hypotheticals that the terms "disorderly and disruptive conduct" and "proximity" as used in § 1752(a)(2), *see* EFC No. 41 at 7, also fail "'because the statute clearly requires an individual to 'knowingly, and with intent to impede or disrupt ... engage[ ] in disorderly or disruptive conduct.'" *United States v. Puma*, No. CR 21-0454 (PLF), 2022 WL 823079, at *17 fn. 6 (D.D.C. Mar. 19, 2022). The Court in *Puma* further noted that language in § 1752(a)(2) referencing "proximity to" "merely describes the outer bounds of where a violation may take place." *Id.* And, in any event, no hard interpretive arise in this case because Grover was not merely proximate to the restricted area; he entered it. Likewise, a vagueness challenge to the terms "disorderly and disruptive conduct" in 40 U.S.C. § 5104(e)(2)(D) also fails because § 5104(e)(2)(D) clearly requires that an individual "willfully and knowingly engage[] in  disorderly and disruptive conduct" and that the individual did so in "any Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress or either House of Congress." 40 U.S.C. § 5104(e)(2)(D).

Lastly, Grover claims § 5104(e)(2)(G) is constitutionally infirm and in support of his claim proposes a hypothetical that asks whether his "presence alone" in the Capitol, a restricted building on January 6, constituted parading or demonstrating. ECF No. 41 at 7. This argument also fails because a vagueness challenge will only "succeed when a party does not have actual notice of what activity the statute prohibits ... the vagueness doctrine, unlike the overbreath doctrine, additionally seeks to ensure fair and non-discriminatory application of the laws, thus reflecting its roots in the due process clause." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Grover's vagueness challenge cannot succeed because § 5104(e)(2)(G) clearly requires an individual to "willfully and knowingly parade, demonstrate, and picket in a Capitol Building." 40 U.S.C. § 5104(e)(2)(G). As such, Grover knew that marching across restricted Capitol grounds with his fellow protesters after the "Stop the Steal" rally and past a fence with a posted warning that the grounds were restricted to enter the Capitol as it was under siege placed him on notice his actions were prohibited.

### ii.   18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e) are not unconstitutionally overbroad.

Grover claims that 18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e) are unconstitutionally overbroad because they "risk criminalizing legitimate First Amendment activity – peaceful protest within ambiguous locations." ECF No. 41 at 9.

Courts analyzing a statute using the First Amendment overbreadth doctrine will find a statute facially and invalid under the First Amendment if the statute prohibits a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 292, (2008). The first step in the Court's overbreadth analysis is to construe the statute to determine what the statute covers. *Id.* at 293, (2008) (holding "[t]he first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers."). A court must then determine whether the statute "criminalizes a substantial amount of

protected expressive activity." *Id.* at 297. Courts are cautious when considering whether to strike down a statute on its face at the request of a party whose own conduct may be punished despite the First Amendment and therefore the Supreme Court has recognized that the overbreadth doctrine is a powerful sanction and therefore employed it with great hesitation and as a last resort. *United States v. Montgomery*, No. CR 21-46 (RDM), 2021 WL 6134591, at * 23 (D.D.C. Dec. 28, 2021).

Grover's claim fails because he is not charged based on his speech but his actions. *United States v. Mostofsky*, No. CR 21-138 (JEB), 2021 WL 6049891, at *12 (D.D.C. Dec. 21, 2021) (rejecting a January 6 defendant's First Amendment claim noting "Mostofsky is not being charged for his views or his expression of them; rather, it is his actions in entering a restricted area in an alleged effort to impede the Electoral College certification that has landed him under indictment — actions that wearing a fur vest had nothing to do with"). Relevant here, 18 U.S.C. § 1752(a) targets only individuals who "knowingly enter[] and remain[] in any restricted building or grounds without lawful authority to do so," (§ 1752(a)(1)), and those who "knowingly with the intent to impede and disrupt the orderly conduct of Government business and official functions engage[] in disorderly and disruptive conduct in and within proximity to, any restrictive building or grounds" and that the individual's conduct impeded or disrupted the orderly conduct of Government business or official functions." Likewise, 40 U.S.C. § 5104(e), relevant here, merely targets conduct in Capitol buildings, i.e., "knowingly engaging in disorderly and disruptive conduct" § 5104(e)(2)(D), and "knowingly parading, demonstrating, and picketing" and as such do not implicate constitutionally protected free speech.

**IV.     An order directing the Government to provide a Bill of Particulars is unwarranted where the pleadings and discovery provided to Grover provide him with adequate notice of the charges to permit Grover to defend himself at trial.**

Alternatively, Grover request that the Court order the Government to file a bill of particulars because of "the paucity of detail in the charging documents." ECF No. 41 at 10-11. Grover's claim is meritless.

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A court should only grant a bill of particular when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp.2d 24, 36-37 (D.D.C. 2000) (internal citation omitted). If an information "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193, *see United States v. Lorenzana-Cordon*, 130 F.Supp.3d 172, 179 (D.D.C. 2015)(deny motion for bill of particulars and noting that the government had provided extensive discovery that allowed Defendant to adequately prepare for trial.")

Applying these principles, courts have repeatedly concluded that a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the Government's evidence, [nor is it] the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Brodie*, 326 F. Supp.2d 83, 91 (D.D.C. 2004). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968); *United States v. Armocida*, 515 F.2d 49, 54 (3rd Cir.1975) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence").

14

Grover's claim fails first because the Information tracks 18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e) and therefore provide him with sufficient information as to the nature of the charges. Moreover, the Statement of Facts lays out the nature of the official occasion and government business underway of the Joint Session of Congress to certify the electoral votes and includes screen captures of Grover on restricted grounds inside and outside the Capitol. Additionally, the Government has provided Grover extensive discovery, including CCV footage and the evidence recovered from his cellular phone. As such, Grover has failed to establish the need for the issuance of a bill of particulars.

## CONCLUSION

For the foregoing reasons, Grover's motion should be denied.

                                    Respectfully submitted,

                                    MATTHEW M. GRAVES
                                  United States Attorney
                                  D.C. Bar No. 481052

By:    /s/ <u>Michael G. James</u>
        MICHAEL G. JAMES
        Assistant United States Attorney
        N.Y. Reg. No. 2481414
        Office of the United States Attorney
        Eastern District of North Carolina
        (on detail to the USAO-DC)
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Mike.James@usdoj.gov
        Telephone: (919) 856-4530

**CERTIFICATION**

This is to certify that on this 20th day of April 2022, undersigned counsel served a copy of foregoing Response in Opposition to Defendant's Motion to Dismiss Based Upon Defective Information and Unconstitutional Vagueness and Overbreath and in the Alternative Motion for Bill of Particulars on Defendant via the Court's CM/ECF addressed to Defendant's counsels of record.

By:    /s/ Michael G. James
MICHAEL G. JAMES
Assistant United States Attorney
N.Y. Reg. No. 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-DC)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Mike.James@usdoj.gov
Telephone: (919) 856-4530