UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) | Criminal No. 21-cr-00374-APM-1 |
| v. | | |
| LOGAN GROVER, | | |

**COMBINED REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO TRANSFER VENUE AND OPPOSITION TO EXPANDED VOIR DIRE AND JURY QUESTIONNAIRE**

Logan Grover, by and through counsel Megan M. Downing of Recht Kornfeld P.C., herein replies to the Government's Opposition to Defendant's Motion to Transfer Venue and the Government Response in Opposition to Defendant's Motion for Expanded *Voir Dire* and a Jury Questionnaire:

## BACKGROUND

By separate pleadings, the Government opposes both Mr. Grover's Motion to Transfer Venue for Trial as well as his Motion for Expanded *Voir Dire* and a Jury Questionnaire. *See* ECF No. 43, 44. In its Opposition to Transfer of Venue, the Government argues generally that Mr. Grover fails to establish a presumption of prejudice as the result of pretrial publicity and the use of a jury poll. The Government contends that "the appropriate way to identify and address those biases is through a careful voir dire…" ECF No. 43 at 12. Yet the Government opposes expanded *voir dire* and the use of a questionnaire to address the very biases anticipated. ECF No. 44.

1

# ARGUMENT

I. **The Defense does not rely exclusively on pre-trial publicity to establish that Mr. Grover cannot receive a fair trial in Washington, D.C.**

The Government contends that courts have repeatedly declined to find a presumption of prejudice based on pretrial polling without conducting *voir dire*. The Defense does not suggest that the Court should not conduct *voir dire,* nor that the pretrial publicity alone establishes prejudice. The question is whether, notwithstanding the *voir dire* process, the Court can impanel a fair and impartial jury in this case in Washington D.C. given its proximity to the charged events and the feelings and attitudes held by prospective jurors as a result.

### A. The Select Litigation poll is merely one factor to consider in assessing whether a presumption of prejudice exists in Washington, D.C.

In citing *United States v. Haldeman*, 559 F.2d 31, 63 (D.C. Cir. 1976) (en banc) (per curiam), *United States v. Campa*, 459 F.3d at 1157, and *United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009), the Government generally seeks to demonstrate that Courts have declined to transfer venue due to pre-trial publicity demonstrated by jury polling. ECF No. 43. While the pre-trial publicity received in this case, particularly in Washington D.C., is absolutely a factor for the Court to consider, it is not alone dispositive. In addition to the extensive pre-trial publicity and as distinguishable from the cases the Government relies upon, the Select Litigation poll demonstrated feelings and attitudes held toward the defendants *themselves*—beliefs about their politics, their motivations, and their intentions all based solely on their alleged presence at the Capitol and their arrest. The prejudice does not result from pretrial publicity alone, but from the nature of the events and the proximity to the residents of Washington D.C., the political makeup of Washington D.C., and the profound and widespread effect of the charged events based on the number of defendants charged and the hostility directed toward every one of them as assumedly complicit in an attempt to overthrow the United

2

States government—these are the dynamics stated by the Select Litigation Survey beyond what prospective jurors know about the case from the media.

Counsel recognizes that the burden is high for an accused person to show presumed prejudice. And indeed, "the mere fact of unfavorable publicity does not of itself raise a presumption of prejudice." *United States v. McVeigh,* 152 F.3d 1166 (U.S. App. 10th Cir.) (quoting *Dennis v. United States*, 302 F.2d 5, 8 (10th Cir. 1962). The *McVeigh* court addressed this same issue in transferring the case to Denver for trial, not based alone on publicity, but on the intensity of the emotional impact on all Oklahomans. *United States v. McVeigh*, 918 F. Supp 1467, 1471 (W.D.Okla. 1996). The accused must establish that "an irrepressibly hostile attitude pervaded the community." *McVeigh*, 152 F.3rd at 1182 (quoting *United States v. Abello-Silva*, 948 F.2d 1168 (10th Cir. 1991). In transferring venue in *McVeigh*, the Court found Denver to be a large metropolitan area where a "large jury pool is available." *McVeigh*, 918 F. Supp 1467 at 1474. In this ruling the district court implicitly found that the Denver jury pool was not as intensely affected by the bombing or the subsequent publicity as was the Oklahoma jury pool. *Id*.

Similarly, the proximity to the Capitol, the disparity in publicity in D.C. compared to nationwide, and the effect on the local community, makes Denver implicitly less affected by the events at the U.S. Capitol as was the D.C. jury pool.

> **B. The January 6 cases are distinguishable from others in the number of people charged and the widespread effect on the community.**

Mr. Grover's case is distinguishable from the cases the Government argues in that he is associated with over 700 other individuals—the largest prosecution in United States history by the Justice Department. It is the prospective D.C. jurors' proximity to the events—the effect on the local community—which informs the deeply held beliefs about the hostile intentions of everyone

3

charged. Beyond only pre-trial publicity, the Select Litigation survey bears out these dynamics which make it demonstrably improbable for Mr. Grover to receive a fair trial in Washington D.C.

> **II.   The District of Colorado offers more diversity both in size and characteristics as compared to Washington, D.C.**

The Defense requests a transfer to Mr. Grover's home jurisdiction of Colorado in the first instance as a pragmatic alternative to Washington D.C. because it is where he lives. The Defense posited Fed. R. Crim. P. 29(b) as an alternative means to transfer venue in the Court's discretion.

Notably, however, the Court transferred venue to Colorado in the case of *United States v. McVeigh*, 152 F.3d 1166 (U.S. App. 10th Cir.), finding that the district comprised a suitable alternative as a metropolitan area for trial of a major case. As of 2019, the population of the District of Colorado was 5,758,736.[1]

Mr. Grover requests a transfer outside of Washington D.C. related to the hostility of this specific jury pool. While he suggests his home state as an alternative, he asks the Court for a transfer to any suitable metropolitan area other than that of the District of Columbia where the charged events have had the greatest impact.

> **III.   Expanded v*oir dire* and a jury questionnaire are necessary for a meaningful *voir dire* given the unique issues in this case.**

Irrespective of where the trial occurs, given the national media attention the case has received, careful jury selection will be critical to ensure a fair and impartial jury. The Defense does not suggest a jury questionnaire in *lieu* of in-person *voir dire*. The Defense requests the use of a questionnaire to streamline the *voir dire* process and aid the Court and the Parties to develop focused

---

[1] *See* http://www.cod.uscourts.gov/Portals/0/Documents/DistrictStats/District_Facts_Figures_2020.pdf; last visited May 3, 2022.

and meaningful inquiry where biases exist. The use of a questionnaire will better enable prospective jurors to openly state their biases and for the parties to narrow any in-person questioning.

## CONCLUSION

For the reasons stated, a change of venue is proper and the defense requests the opportunity to conduct meaningful *voir dire* with the benefit of both in person *voir dire* and the use of a questionnaire to assist the inquiry.

Respectfully submitted this 4th day of May, 2022.

*s/ Megan M. Downing*
Megan M. Downing
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
Phone: 303-573-1900
Fax: 303-446-9400
megan@rklawpc.com

*s/Kobie Flowers*
Kobie Flowers
BROWN GOLDSTEIN & LEVY
1717 K Street, NW, Suite 900
Washington, D.C. 20006
Phone: 202-742-5969
kflowers@browngold.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2022, I electronically filed the foregoing **COMBINED REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO TRANSFER VENUE AND OPPOSITION TO EXPANDED VOIR DIRE AND JURY QUESTIONNAIRE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*