UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 21-cr-00374-APM-1 |
| v. | ) ) |  |
| LOGAN GROVER, | ) ) |  |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS BASED UPON DEFECTIVE INFORMATION AND UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH, OR, IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS**

Logan Grover, by and through counsel Megan M. Downing of Recht Kornfeld P.C., herein replies to the Government's Response in Opposition to Motion to Dismiss Based Upon Defective Information and Unconstitutional Vagueness and Overbreadth, or, in the Alternative, Motion for Bill of Particulars. ECF No. 45.

**PROCEDURAL BACKGROUND**

The Government argues in its Response to the Defendant's Motion to Dismiss that 1) the information contains a statement of the essential facts that constitute the offenses charged and is not defective under Rule 12(b)(3)(B), 2) that the relevant statutes are not unconstitutionally vague or overbroad, and 3) that an order directing the Government to provide a bill of particulars is unwarranted.

1

**ARGUMENT**

I. **The mere recital of the statutory language in the Information is insufficient; the Statement of Facts—if taken as true—fails to state factual grounds or accusations as support for the charged offenses and is deficient.**

A valid information must set out "the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004). The Government must state the essential elements of the crime and allegations of "overt acts [constituting the offense] with sufficient specificity." *United States v. Childress*, 58 F.3d 693, 720 (D.C. Cir. 1995). An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute. *United States v. Sharpe*, 438 F.3d 1257 (*quoting United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. *Id*.

The Government charged Mr. Grover by Complaint and then later filed an Information including the statutory language of the charged offenses. ECF No. 1, 7. The Government provided the Court with a Statement of Facts which includes the factual grounds upon which the Government relies as support for the charges—the accusations against Mr. Grover which the Government intends to prove to convict him of the charged offenses.

In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *Id, (citing United States v. Critzer)*, 951 F.2d 306, 307 (11th Cir. 1992). Therefore, the Government's recitation of the voluminous discovery provided to the Defense is not relevant to this inquiry. The

2

Defense does not move to dismiss at this juncture based on lack of evidence or suggest that the case does not include disputed facts. Rather, assuming the Statement of Facts to be *true*, the allegations are insufficient to establish the offenses listed in the Information. The Government's additional factual assertions in its Response pleading are *not* contained in the Statement of Facts and are therefore not relevant to the Court's review of the sufficiency of the charging documents. For example, unlike the factual assertions made in the Government's Response, the charging documents do not make any reference to a sign or cordon visible upon Mr. Grover's entry to the Capitol, they do not identify any conduct on the part of Mr. Grover that was disorderly or disruptive, and they do not identify any conduct on Mr. Grover's part which constitutes a parade, demonstration, or a picket. Unlike as articulated in the Government's Response, the charging documents include no information about the nature of Mr. Grover's entry into the Capitol, or that he "stepped over a fence." ECF No. 45 at 2. No facts are alleged regarding the time he was inside the Capitol or where, or that any physical altercation occurred with officers or that he played any role in it. Even with the additional facts now provided by the Government in its Response, no allegation of any act of disorderly conduct, parading or picketing is made. In fact, the only statements even attributed to Mr. Grover as outlined in the Government's Response is a limited and polite interaction with an officer. Again, these additional facts are not relevant as they are not included in any charging document. And they still fail to provide factual grounds for the charged offenses. Accordingly, the Court should dismiss the Information because the Statement of Facts, even if taken as true, fails to establish the charged offenses.

> **II.     A Bill of Particulars is necessary at a minimum to provide Mr. Grover notice of the factual allegations against which he must defend.**

As a result of the Government's Response, the Defense has learned various

factual allegations for the first time, including that the Government intends to allege that Mr. Grover "stepped over a fence" to enter the Capitol. While the Defense has been provided the statutory language of the offenses, that does not suffice to provide notice of the facts alleged. The Defense does not have notice of the specific factual allegations other than Mr. Grover's alleged presence in the Capitol. The Government also states that "photographic evidence recovered from Grover's cellular phone will show that Grover knew the area was restricted." ECF No. 45 at 10. The Defense does not know what evidence to which this refers.

The Government suggests that the Defense is on notice through discovery. As the Government points out, the discovery is unprecedented in its volume to include multiple *terabytes* of evidence. As a matter of constitutional Due Process, Mr. Grover must be provided with enough notice of what conduct is alleged to prepare a defense.

### III. Both 18 U.S.C. § 1752 and 40 U.S.C. § 5104I criminalize protected First Amendment activity—activity beyond the conduct alleged on the part of Mr. Grover.

The Government states, "Grover's claim that a citizen of ordinary prudence would not be on notice that an individual protected by the Secret Service was present in a restricted building or grounds or that an event of national significance was not taking place strains credulity." ECF No. 45 at 10. "It was 'common knowledge' that certain members of the House of Representatives would raise objection to certifying certain state electoral ballots and certain United States Senators were expected to support those objections and that Vice President Pence would preside over the Joint Session of Congress." *Id*.

The assertion that an individual would be on notice of a criminal offense given "common knowledge" of current events begs the very vagueness of the statues as argued by the Defense motion. The argument that a person is on notice through "common knowledge" demonstrates the

4

failure of the statutes to define the prohibited conduct with sufficient definiteness—the basic requirement of Due Process. How a person is to know who is present in any given building at any time and where the lines demarcating a restricted area are drawn, are simply not defined. The statutes chill protected speech given the risk of criminal prosecution for mere presence in or within an unknown proximity at any given time.

## CONCLUSION

For the reasons stated, the Court should dismiss the charges based on the defective Information. As an alternative, the Court should order the Government to provide a factual recitation of the allegations which form the basis for the charges in the form of a Bill of Particulars. This would allow Mr. Grover to avoid surprise and understand what conduct the Government will allege at trial, which clearly is not limited to the Statement of Facts filed with the Criminal Complaint.

As clarification, the Defense moves to dismiss Counts Two through Four based upon a complete lack of factual grounds stated. With respect to Count One, the Defense recognizes that a material dispute exists related to Mr. Grover's presence inside the Capitol, the circumstances of which may be properly reserved for a trial. All of the Counts should be dismissed based upon the arguments raised that the statutes are unconstitutional.

Respectfully submitted this 4th day of May, 2022.

*s/ Megan M. Downing*
Megan M. Downing
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
Phone: 303-573-1900
Fax: 303-446-9400
megan@rklawpc.com

                                            *s/Kobie Flowers*
                                            Kobie Flowers
                                            BROWN GOLDSTEIN & LEVY
                                            1717 K Street, NW, Suite 900
                                            Washington, D.C. 20006
                                            Phone: 202-742-5969
                                            KFlowers@browngold.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 4th day of May, 2022, I electronically filed the foregoing **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS BASED UPON DEFECTIVE INFORMATION AND UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH, OR, IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*